# United States District Court
## District of Maryland

**FILED**
MAR 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

RUSSELL KEATON

SUMMONS IN A CRIMINAL CASE

Case No. 06-4467M

08 - 182 - M - 01

YOU ARE HEREBY COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| United States Courthouse<br>6500 Cherrywood Lane<br>Greenbelt, Maryland 20770 | TBA |
| | DATE AND TIME<br>March 3, 2008<br>at 10:30 a.m. |

To answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Violation Notice  ☒ Probation Violation Petition

Charging you with a violation of Title _____ United States Code, Section(s) _____

Brief description of offense:

INITIAL APPEARANCE FOR PROBATION VIOLATION

U.S. Magistrate Judge

_signature_
THOMAS M. DiGIROLAMO
U.S. MAGISTRATE JUDGE

DATE
February 19, 2008

ISSUING OFFICER'S NAME and TITLE
THOMAS M. DIGIROLAMO, UNITED STATES MAGISTRATE JUDGE

# United States District Court
## for the
## DISTRICT OF MARYLAND

U.S.A. vs. Russell Keaton                                         Docket No.: 8:06-04467A

### Petition on Probation

COMES NOW Chastity Whiteside PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Russell Keaton who was placed on supervision for Driving Under the Influence (count 6) and Flee to Elude (count 8), a Class B misdemeanor*, by the Honorable Thomas M. DiGirolamo, U.S. Magistrate Judge, sitting in the court at Greenbelt, Maryland, on the 21" day of February, 2007 who fixed the period of supervision at 12 months, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

* Pursuant to 36 CFR § 4.23 (a)(1), the maximum penalty for the offense of conviction is 6 months

1. The defendant is instructed to pay a Special Assessment in the amount of $20.00.
2. The defendant is instructed to pay a processing fee in the amount of $50.00.
3. The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.
4. The defendant shall be placed on home detention for a period of three (3) months and abide by all the requirements of the program which will include electronic monitoring or other location verification system. During this time the defendant shall be restricted to his/her place of residence except for activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without any "call forwarding", "Caller I.D.", "call waiting", modems, answering machines, cordless telephones, or other special services for above period. The defendant is to pay the costs of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be on a schedule as directed by the probation officer.
5. The defendant shall be confined in the custody of the Bureau of Prisons for one (1) weekend, at the direction of the Bureau of Prisons.
6. The defendant shall attend a victim impact program as directed by the probation officer.
7. The defendant shall obtain a driver's license with an alcohol restriction within 30 days.
8. The defendant shall totally abstain from the consumption of alcohol throughout the term of probation.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

Continues on following page

PRAYING THAT THE COURT WILL ORDER that a hearing be held requiring Russell Keaton to appear before this court to show cause why his supervision should not be revoked

ORDER OF COURT
Considered and ordered as prayed, this _____ day of _____ February _____, 20___ and ordered filed and made a part of the records in the above case.

_____
Thomas M. DiGirolamo
U.S. Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

_Chastity Whiteside_
Chastity Whiteside, U.S. Probation Officer

Date    February 15, 2008

Reviewed and Approved By:

_Madeline A Gill_
Madeline Gill, Supervisory U.S. Probation Officer

Place Greenbelt, Maryland

PROB 12 continued
KEATON, Russell
Docket Number 8 06-04467A
Page Number: 3

WHEREAS    As of February 15, 2008, Mr. Keaton has failed to pay the costs of the electronic monitoring portion of his sentence, having a balance of $488.32, in violation of Additional Condition #4, as listed above.

**U.S. Probation and Pretrial Services**
# MEMORANDUM

DATE:      February 15, 2008

TO:        The Honorable Thomas M. DiGirolamo
           U.S. Magistrate Judge

FROM:      Chastity Whiteside
           U.S. Probation Officer

RE:        KEATON, Russell
           Docket No.: 8:06-04467A
           Exp. Date: 02/20/2008

SUBJ:      <u>Notice of Violation - Hearing Requested</u>



**Sentencing Information:**

On February 21, 2007, Russell Keaton appeared before Your Honor for sentencing subsequent to conviction for the offense(s) of Driving Under the Influence and Flee to Elude. He was placed on probation for a period of 12 months, with the following conditions imposed: 1) The defendant is instructed to pay a Special Assessment in the amount of $20; 2) The defendant is instructed to pay a processing fee in the amount of $50; 3) The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer; 4) The defendant shall be placed on home detention for a period of three (3) months and abide by all the requirements of the program which will include electronic monitoring or other location verification system; 5) The defendant shall be confined in the custody of the Bureau of Prisons for one (1) weekend, at the direction of the Bureau of Prisons; 6) The defendant shall attend a victim impact program as directed by the probation officer; 7) The defendant shall obtain a driver's license with an alcohol restriction within 30 days; and 8) The defendant shall totally abstain from the consumption of alcohol throughout the term of probation.

**Adjustment to Supervision/Violations Alleged:**

Mr. Keaton was installed on the electronic monitoring program on April 13, 2007. Mr. Keaton successfully completed ninety (90) days of electronic monitoring on July 11, 2007. Mr. Keaton agreed to pay $50.00 per month in order to pay the costs of the electronic monitoring portion of his sentence. Mr. Keaton is delinquent on payments and has an outstanding balance of $488.32.

Mr. Keaton is employed with A & K Plumbing Inc., located at 14300 Cherry Lane Court, Laurel, MD 20707. Mr. Keaton works full time and earns an hourly rate of $18.66. He has agreed to

KEATON, Russell
Violation Report
Page 2

make payment in full on the BI bill, but has not done so prior to expiration of his original sentence.

Mr. Keaton has satisfied all other additional conditions and reports as scheduled

Based on the above, this officer alleges the following violations of supervision:

1. As of February 15, 2008, Mr. Keaton has failed to pay the costs of the electronic monitoring portion of his sentence, having a balance of $488.32, in violation of the Additional Condition which states the defendant shall be placed on home detention for a period of three (3) months and abide by all the requirements of the program which will include electronic monitoring or other location verification system and the defendant is to pay the costs of the electronic monitoring portion of this sentence not to exceed the daily contractual rate.

Recommendation:

Based on the violations stated above, this officer respectfully recommends that a hearing be held requiring Russell Keaton to appear before this court to show cause why his supervision should not be revoked.

I have attached a Form 12 for the Court to execute, should Your Honor concur

Should Your Honor have any questions or concerns, this officer is available at (301) 344-3831.

Mr. Keaton's last known address is ·

Mr. Keaton was represented at sentencing by Melissa Moore, Office of the Federal Public Defender, 6411 Ivy Lane, Suite 710, Greenbelt, MD 20770-4510.

The Government was represented at sentencing by Jo An Roachez, U.S. Courthouse, Suite 400, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.

Attachment